UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


CHARLES McKAY, an individual,

  Plaintiff,

                      Civil No. 06-11209
                       Hon. John Feikens

  v.

THANE INTERNATIONAL, INC., a
Delaware corporation, J.A. FITNESS, INC., a
Nevada corporation, JOHN ABDO, an
individual, INVENTORS UNIVERSE, INC., a
Georgia corporation d/b/a INVENTORS
UNIVERSE.COM, INC., and MICHAEL CASEY,
an individual, jointly and severally,

  Defendants.
_____/

## OPINION AND ORDER

  Plaintiff Charles McKay ("McKay") was injured while dismounting an exercise machine. He filed suit against the manufacturer of the machine, Inventors Universe, Inc. ("Inventors Universe"), and the distributor, Thane International, Inc. ('Thane")[1], alleging claims for negligent failure to warn and violations of the Michigan Consumer Protection Act ("MCPA"). Defendants have moved for summary judgment on both claims. For the reasons set forth below, I GRANT summary judgment to Defendants on both claims.

---

[1]McKay has agreed to dismiss the claims that he brought against J.A Fitness, Inc., John Abdo, and Michael Casey.

1

## I. FACTUAL AND PROCEDURAL HISTORY

On September 27, 2005, McKay was working at the Municipal Recreation Center in Inkster, Michigan. During his shift, he noticed a new exercise machine in the fitness center, the AB-Doer II. The AB-Doer II is essentially a padded chair with C-shaped handle bars attached to a flexible vertical back support. It is designed for a user to sit with his back to the flexible support beam and place his hands on the handle bars. The user can then lean forward or to the side using the resistance from the flexible back support to strengthen his abdominal muscles.

McKay had never seen the AB-Doer II before and mounted it incorrectly, facing the flexible vertical back support. He placed his hands on the handle bars and moved his body from side to side without incident. He then attempted to dismount the machine, putting weight on the handle bars as he pushed off with his feet. As McKay began to standup, the AB-Doer II tipped causing McKay to fall and hit his head on an adjacent wall.

McKay filed suit against the AB-Doer II's manufacturer Inventors Universe and distributor Thane, alleging claims for negligent failure to warn and violations of the MCPA. Defendants filed the present motion for summary judgment claiming that they are not liable for negligent failure to warn (1) because the danger was obvious and (2) because they are sellers and not manufacturers of the product in question. Defendants also argue that they are not liable for violations of the MCPA because the product in question was purchased for commercial use, rather than personal use, and is, therefore, not subject to the MCPA.

## III. ANALYSIS

### A. Negligent Failure to Warn

In Michigan, a state statute governs whether or not the manufacturer or seller of a product

2

has a duty to warn of a material risk posed by the product. See Greene v. A.P. Products Ltd., 475 Mich. 502, 507-08 (2006)("Before 1995, a manufacturer's or seller's duty to warn of material risks in a products-liability action was governed by common-law principles. Tort reform legislation enacted in 1995, however, displaced the common law."). Defendants' motion for summary judgment centers on two provisions of this statute.

### 1. Open and Obvious

Under Michigan law, "[a] defendant is not liable for failure to warn of a material risk that is or should be obvious to a reasonably prudent product user or a material risk that is or should be a matter of common knowledge to persons in the same or similar position as the person upon whose injury or death the claim is based in a product liability action." M.C.L. § 600.2948 (2).[2]

When, as here, a defendant claims that it has no duty to warn because a material risk is obvious, the court is required, as a threshold matter, to decide the issue. Greene v. A.P. Products, Ltd., 264 Mich.App. 391, 402 (2004), rev'd on other grounds, Greene v. A.P. Products, Ltd., 475 Mich. 502, 510 (2006); see also Glittenberg v. Doughboy Recreational Indus., 441 Mich. 379, 398-99 (1992). The court's inquiry is whether reasonable minds could differ as to whether the danger presented by the product is open and obvious. See Greene, 264 Mich.App. At 402. If it determines that reasonable minds could not differ, the court decides the question as a matter of law. Id. If, however, the court finds that reasonable minds could differ concerning whether the

---

[2]Defendants argued in its brief and at the hearing that the AB-Doer II is a "simple tool." The Michigan Supreme Court, however, has clarified that under M.C.L. § 600.2948 (2), "a defendant need not show that the product in question was a 'simple' product in order for the 'obvious danger' doctrine to apply." Greene, 475 Mich. at 509 n.8.

3

danger is obvious, the question must be submitted to the finder of fact. Id.

In determining if reasonable minds could differ over whether a danger presented by a product is obvious, the court applies an objective standard. See Id. at 400. "The focus is the typical user's perception and knowledge and whether the relevant condition or feature that creates the danger associated with use is fully apparent, widely known, commonly recognized, and anticipated by the ordinary user or consumer." Id. (citing Glittenberg, 441 Mich. At 391-92).

In this case, the exercise machine in question is similar in many respects to a chair. It is "fully apparent, widely known, [and] commonly recognized" that if one sits on the edge of a chair or pulls on its back or arms while getting up, the chair could tip over. Id. Similarly, it is obvious that if one sits on the edge of the AB-Doer II or pulls on its back or arms while getting up, the exercise machine is likely to become unstable. For this reason, I find that reasonable minds could not differ on this issue. I, therefore, find as a matter of law that the danger presented by the instability of the AB-Doer II when dismounted incorrectly is open and obvious.

### 2. Seller or Manufacturer

Michigan law provides special protection to parties that sell but do not manufacture products that give rise to products liability law suits. MCL § 600.2947 (6). However, because I have found that the danger presented by the AB-Doer II is open and obvious, consideration of this section of the statute is unnecessary.

### B. Michigan Consumer Protection Act

The MCPA was passed to "prohibit certain methods, acts, and practices in trade and commerce." MCL 445.901, et. seq. The MCPA defines "trade or commerce" as "the conduct of a business providing goods, property, or services primarily for personal, family or household

4

purposes...." MCL 445. 902(d). Courts have concluded from this language that the MCPA only applies to the sale of items that are purchased primarily for personal rather than commercial use. See <u>Zine v. Chrysler Corp.</u>, 236 Mich.App. 261, 273 ("Therefore, we hold that...if an item is purchased primarily for commercial rather than personal purposes, the MCPA does not apply protection."); <u>Robertson v. State Farm Fire and Cas. Co.</u>, 890 F.Supp. 671 (E.D. Mich 1995).

The AB-Doer II in question was purchased by George Thompson, a Senior Recreation Leader at the City of Inkster Recreation Center, for use in the Center's weight room.[3] This is clearly commercial use. Because there is no evidence that the AB-Doer II in question was purchased for anything other than commercial use, I find that the MCPA does not apply to this case.

## IV. CONCLUSION

Because I find that the danger complained of by McKay is open and obvious under the statute and because the AB-Doer II was purchased for commercial rather than personal use, I GRANT summary judgment to Defendants Inventors Universe and Thane on McKay's negligent failure to warn and MCPA claims.

**IT IS SO ORDERED.**

Date:   December 5, 2007                s/John Feikens
                                        United States District Judge

---

[3] Exhibit #10 to Defendants' Motion for Summary Judgment.

Proof of Service

I hereby certify that the foregoing order was served on the attorneys/parties of record on December 5, 2007, by U.S. first class mail or electronic means.

s/Carol Cohron
Case Manager